IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ANTHONY GLENN GLASS | § | |
| v. | § | CIVIL ACTION NO. 5:11cv174 |
| JAMES PRINCE, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Anthony Glass, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Glass sued Bowie County Sheriff James Prince, Bowie County District Clerk Billy Branson, and Bowie County, Texas.

Glass complained that he was held in jail for 81 days beyond his sentence. He explained that on April 25, 2005, he was sentenced to 18 months in state jail, with credit for time served. His time credits totaled two years, one month, and six days, and so his time served covered the entire 18 month sentence which he received. However, instead of being released, he was taken into confinement to "serve his time again." He was finally released from jail on July 15, 2005.

Glass attached a copy of the judgment of conviction, dated April 25, 2005, stating that Glass received a sentence of 18 months in state jail. The judgment of conviction states that the terms of the plea agreement were 18 months in state jail with credit for time served, but the "time credited to judgment" line reads "N/A."

Glass also attaches a letter from the Texas Department of Criminal Justice Office of the General Counsel, dated July 21, 2011, explaining what had happened. According to the letter, Glass

1

received the 18 month sentence on April 25, and his sentence was calculated as beginning that day because no jail time credit was provided in the sentence and no prior incarceration dates were present. On July 7, 2005, an amended judgment was issued giving Glass credit for time served from March 19, 2003, to April 25, 2005. Once this amended judgment was received by the Department, his sentence was recalculated and he was released. Glass also submitted other exhibits, including a copy of the amended judgment, a TDCJ time sheet showing the Bowie County theft conviction as well as two other convictions which he is currently serving, and a copy of a docket sheet in a prior lawsuit which Glass filed over this same incident.

The Defendants were served with process and filed a motion to dismiss, arguing that: Glass failed to exhaust his administrative remedies; the statute of limitations has expired; Glass has been continuously confined for his crimes before and after the incident; Glass failed to show that the named defendants did anything wrong; Glass has failed to state a claim upon which relief may be granted; and, the individual defendants are entitled to qualified immunity.

After review of the pleadings, including the motion to dismiss and Glass' response thereto, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge concluded that the statute of limitations had expired on Glass' claims, Glass failed to set out any cognizable claims against Sheriff Prince or the district clerk, Glass also failed to set out any valid claims against Bowie County, and the sheriff and the district clerk were entitled to qualified immunity for claims brought against them in their individual capacities.

A copy of this Report was sent to Glass at his last known address, return receipt requested, but no objections have been received; accordingly, Glass is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. *See* United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 28) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion to dismiss (docket no. 10) is hereby GRANTED and the above-styled civil action is DISMISSED with prejudice. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 10th day of July, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE